UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNATHAN C. LARGE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-13-961-F |
| | ) |
| KAMERON HARVANEK, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Johnathan C. Large, a state prisoner appearing pro se, has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, challenging the constitutionality of his state-court criminal conviction. Doc. No. 14; *see also* Doc. Nos. 9, 10 (relevant state-court records supplied by Petitioner in conjunction with Petition). Petitioner also has filed twenty motions requesting various actions be taken by the Court. United States District Judge Stephen P. Friot has referred this action to the undersigned magistrate judge for initial proceedings in accordance with 28 U.S.C. § 636. As explained below, the undersigned recommends that the Petition be dismissed and the pending motions be denied. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts (the "Section 2254 Rules").

BACKGROUND

As his basis for seeking habeas relief, Petitioner asserts that his 2011 criminal conviction for Indecent Exposure, a felony, entered in the District Court of Beckham County, Oklahoma, is void because he should have been charged, convicted, and

sentenced pursuant to a misdemeanor statute,[1] rather than the felony criminal statute cited in the charging document and applied by the trial court. *See* Pet. at 1, 5-10;[2] *State v. Large*, No. CF-2010-356 (Beckham Cnty., Okla. Dist. Ct. filed Dec. 2, 2010) (hereinafter "*State v. Large*"); Doc. No. 10 at 11. *Compare* Okla. Stat. tit. 21, § 1021(A)(1) (prescribing that lewd exposure is a felony), *with id.* § 22 (prescribing that an offense meeting certain conditions is a misdemeanor).

The relevant docket sheet and records from Beckham County District Court reflect that on February 10, 2011, Petitioner entered a plea of guilty to the criminal felony charge of indecent exposure and received a suspended sentence of 10 years, with 6 months' credit for time served. *See* Docket, *State v. Large* (publicly available through www.oscn.net); Doc. No. 10 at 12-14. Petitioner did not appeal this conviction and did not seek to withdraw his plea. *See* Docket, *State v. Large*. *See generally* Okla. Stat. tit. 22, § 1051(a); *id.* ch. 18, app., R. 4.2(A). On March 1, 2013, a five-year portion of Petitioner's suspended sentence was revoked by the trial court upon application by the State of Oklahoma. Thus Petitioner currently is "in custody" pursuant to the February 10, 2011, state-court judgment. *See* Pet. at 1; Docket, *State v. Large*; Doc. No. 10 at 13; 28 U.S.C. §§ 2244(d)(1), 2254(a). Petitioner appealed the 2013 sentence revocation, but this appeal was dismissed upon Petitioner's own motion prior to disposition by the Oklahoma Court of Criminal Appeals ("OCCA"). *See Large v. State*, No. RE-2013-237 (Okla.

---

[1] Although the Petition at times refers to the pertinent misdemeanor statute as a "city ordinance" or "municipal statute," Petitioner's cited written law is an Oklahoma state statute. *See* Pet. at 1 (citing Okla. Stat. tit. 21, § 22).

[2] References to Petitioner's filings use the ECF pagination.

Crim. App. filed Mar. 13, 2013). *See generally* Okla. Stat. tit. 22, § 991b(D) (providing separate right of review on appeal from order revoking suspended sentence).

ANALYSIS

A. *The Statute of Limitations*

Pursuant to Rule 4 of the Section 2254 Rules, the Court "must dismiss" a habeas corpus petition if it "plainly appears" that the petitioner is not entitled to relief in the district court. Here, the Petition on its face shows that Petitioner's claim is barred by the applicable statute of limitations and is subject to dismissal on that ground.[3]

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period for claims of a habeas petitioner in state custody. "The time for filing a petition is governed by 28 U.S.C. § 2244(d)." R. 3(c), Section 2254 Rules. The one-year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] The Court may consider the timeliness of the Petition sua sponte. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *e.g.*, *Williams v. Boone*, No. 98-6357, 1999 WL 34856 (10th Cir. Jan. 28, 1999); *Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994). Petitioner's right to object to this Report and Recommendation affords Petitioner the requisite "fair notice" and opportunity to present his position prior to dismissal. *See Day*, 547 U.S. at 210; *Smith*, 1994 WL 396069, at *3.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Thus, unless a petitioner alleges facts implicating Subsection (B), (C), or (D) above, the limitations period generally begins to run from the date on which the conviction becomes final. *See id.*; *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001).

The undersigned has reviewed the Petition and finds that Petitioner has alleged no facts to suggest that Subsection (B), (C), or (D) applies. Accordingly, the Petition's timeliness will be evaluated from the date Petitioner's Indecent Exposure conviction became final, which in this instance was upon "the expiration of the time for seeking [direct] review." *See* 28 U.S.C. § 2244(d)(1)(A). Under Oklahoma law, the right of appeal where the judgment follows a guilty plea is limited, and such an appeal only may be taken by petition for writ of certiorari to the OCCA. Okla. Stat. tit. 22, § 1051(a); *Burnham v. State*, 43 P.3d 387, 389 (Okla. Crim. App. 2002). Relatedly, "[i]n Oklahoma state courts a defendant must apply to withdraw a plea of guilty or nolo contendere within ten days of the judgment and sentence." *Gordon v. Franklin*, 456 F. App'x 739, 742 (10th Cir. 2012) (citing Okla. Stat. tit. 22, ch. 18, app., R. 4.2(A)). The filing of an application to withdraw the plea in the trial court is a jurisdictional prerequisite to appeal from a conviction based upon that plea; a defendant's failure to file an application to withdraw prevents the OCCA from considering a petition for writ of certiorari seeking appeal. Okla. Stat. tit. 22, ch. 18, app., R. 4.2(A), (D); *Wallace v. State*, 893 P.2d 504, 510 (Okla. Crim. App. 1995).

Because Petitioner did not file an application to withdraw his plea of February 10, 2011, within ten days of its pronouncement, his conviction became final on February 20, 2011. *See Gordon*, 456 F. App'x at 742; *Fisher*, 262 F.3d at 1142; Okla. Stat. tit. 22, § 1051(a); *id.* ch. 18, app., R. 4.2(A). Thus, the one-year limitation began to run on February 21, 2011, and expired on February 21, 2012. *See* 28 U.S.C. § 2254(d)(1)(A); *Gordon*, 456 F. App'x at 742; *cf. Pfeil v. Everett*, 9 F. App'x 973, 977 (10th Cir. 2001) (holding that when the petitioner did not file an appeal "the ninety-day time period for appeals to the United States Supreme Court did not extend the date that his judgment and sentence became final").

Petitioner's initiating petition in this federal proceeding (later stricken) was filed on August 29, 2013, over 18 months after the limitations period expired. *See* Doc. Nos. 1, 11; 28 U.S.C. § 2244(d)(1)(A). Thus, under § 2244(d)(1)(A), this action is untimely absent statutory or equitable tolling.

*B. Statutory Tolling*

The AEDPA limitations period is statutorily tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Although Petitioner filed scores of motions in the trial court, including two with the term "post conviction" in their titles, the first of these was not until September 13, 2012—well after the § 2244(d)(1) limitations period had expired on February 21, 2012. *See* Docket, *State v. Large* (postconviction motions filed Sept. 13, 2012, and Jan. 22, 2013). Petitioner is not entitled to statutory tolling of the one-year period of limitation based upon either motion

because both were filed after the AEDPA limitations period already had expired. *See Fisher*, 262 F.3d at 1142-43.

   C. *Equitable Tolling*

   The limitations period may be equitably tolled under circumstances where its application possibly would render the habeas remedy "inadequate and ineffective" to test the legality of the petitioner's detention. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, a petitioner must diligently pursue his claims and "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The petitioner bears the burden to demonstrate that equitable tolling should apply. *Cooper v. Bravo*, 36 F. App'x 343, 347 (10th Cir. 2002) (citing *Miller*, 141 F.3d at 978).

   Liberally construed, Petitioner's excuse for failing to timely file is that he was not aggrieved by the fact that he had pleaded guilty to a felony rather than a misdemeanor until a portion of his suspended sentence was revoked in March of 2013. *See* Pet. at 5-10. Petitioner apparently at that time began to appreciate more fully the implications of being sentenced for the underlying offense under a felony rather than a misdemeanor statutory scheme. *Compare* Okla. Stat. tit. 21, §§ 5, 1021(A) (directing that a person convicted under the felony statute shall be punished by a maximum of 10 years' imprisonment in the state penitentiary), *with id.* §§ 10, 22 (directing that a person convicted under the misdemeanor statute is punishable by imprisonment in the county jail for a maximum of

one year). Petitioner's tardy recognition does not amount to rare and exceptional circumstances justifying equitable tolling. The Tenth Circuit has explained that equitable tolling would be appropriate in circumstances such as: (1) actual innocence; (2) "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing"; or (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *See Gibson*, 232 F.3d at 808. Here, Petitioner was charged with violating – and signed a plea expressly citing – Okla. Stat. tit. 21, § 1021(A)(1). *See* Docket, *State v. Large*; Doc. No. 10 at 11, 14. Further, Petitioner's case was captioned as a "CF," or criminal felony, case. *Id.* Petitioner's complacence in the face of this information does not amount to "extraordinary circumstances" and does not justify equitable tolling of his deadline to file for federal habeas relief.

In sum, Petitioner's statute of limitations expired on February 21, 2012, and he is not entitled to statutory or equitable tolling. Because Petitioner did not file this habeas action until August 29, 2013 – over 18 months out of time – the undersigned recommends that the Petition be dismissed.[4]

RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Petitioner's Petition Under § 2254 for Writ of Habeas Corpus (Doc. No. 14) be dismissed upon filing. Upon

---

[4] In light of this recommendation, the undersigned need not address the potential alternative bases upon which this Petition would be subject to dismissal, including Petitioner's failure to exhaust state-court remedies and the Petition's attempt to seek relief on the basis of state, rather than federal, law.

adoption of this recommendation, Petitioner's pending motions should be denied. *See* Doc. Nos. 17, 18, 19, 22, 23, 24, 27, 28, 29, 31, 35, 36, 38, 43, 45, 46, 47, 50, 51, 53.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 15 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 23rd day of April, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE